IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § |
| v. | §   No.   CR 1:23-00033-001 KWR |
| KEITH DIEMER, | § |
| Defendant. | § |

**DEFENDANT'S FIFTH UNOPPOSED MOTION TO CONTINUE TRIAL**

COMES NOW the defendant, Keith Diemer, by and through his attorney of record, Aric G. Elsenheimer, Assistant Federal Public Defender, and moves this Court for an order continuing the trial setting of May 6, 2024, as well as related deadlines, as grounds states:

1. Mr. Diemer was arraigned on March 16, 2023 on an indictment alleging a violation of False Information and Hoaxes, pursuant to 18 U.S.C. § 1038(a)(1).

2. This case is set for trial on May 6, 2024.

3. Defendant respectfully request a continuance to complete several tasks that are vital to the defense. Specifically, Defendant requests an additional thirty (30) days from the current setting to prepare for trial. Thirty days is the minimum amount of time that is required to adequately prepare for trial. Defense counsel cannot and will not be ready for trial in advance of thirty days from the current setting.

4. A continuance of thirty days is necessary for counsel to complete the following tasks:

    A) To continue plea negotiations with the government. The parties are very

close to a negotiated resolution of this matter. AUSA Jon Stanford recently entered his appearance representing the government and is in active discussions with undersigned counsel regarding a resolution.

B) Should plea negotiations not yield a resolution, defense counsel requires additional time to a) interview any additional witnesses; b) to obtain expert witnesses for trial; and c) to file pretrial motions. Investigation into this case is difficult because Mr. Diemer lives in Indiana.

5. Defendant requests a continuance of the trial of no less than 30 days from the current setting. Counsel believes that length of time to be the minimum needed to finalize plea negotiations with the government and to ensure that Defendant receives effective assistance of counsel and is accorded due process.

6. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendant will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Defendant agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendant and will potentially allow him to

reach a favorable resolution with the government. Undersigned counsel has consulted with Mr. Diemer and he is aware of his rights under the Speedy Trial Act, understands the need for a continuance, and agrees with this continuance.

8. Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial.  *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendant, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will provide the parties time to finalize a negotiated resolution of this matter. The parties are very close to reaching an agreement in this matter and additional time will facilitate these negotiations. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Diemer by providing access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket. Counsel is requesting this matter be continued from the Court's May 6, 2024 trial calendar and that it be rescheduled for a trial in thirty days.

9. The government through AUSA Matthew Jon Stanford does not oppose this motion.

10. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the period of delay resulting from this continuance serves the ends of justice and this continuance outweighs the best interest of the public and the defendant in a resolution of this matter.

WHEREFORE, defendant respectfully request that the court grant a continuance of the trial setting of May 6, 2024, for a period of at least thirty (30) days or to the convenience of the Court.

                        Respectfully submitted,

                        FEDERAL PUBLIC DEFENDER
                        111 Lomas Blvd., NW, Suite 501
                        Albuquerque, NM 87102
                        (505) 346-2489
                        (505) 346-2494 Fax
                        aric_elsenheimer@fd.org

                        */s/ filed electronically on 4/8/24*
                        ARIC G. ELSENHEIMER, AFPD
                        Attorney for Defendant