IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No.   CR 1:23-00033-001 KWR |
| KEITH DIEMER, | § § § | |
| Defendant. | § § | |

**SENTENCING MEMORANDUM**

Keith Diemer is a young man, a hard worker, a loving son, and a loyal friend. While on a flight to Albuquerque in 2022 he sent a message via Apple Airdrop implying there was a bomb on the airplane. He sent the message as a prank. He did not think the message would be taken seriously, nor did he appreciate the gravity of his actions. He deeply regrets what he did and is sincerely remorseful to those he placed in fear and to the Court.

Mr. Diemer has reached a Rule 11(c)(1)(C) plea agreement with the government that stipulates to a sentence of probation. Mr. Diemer is scheduled to enter a guilty plea pursuant to this plea agreement on July 29, 2024. A sentencing hearing is scheduled for July 30, 2024. Mr. Diemer submits this sentencing memorandum in support of his request for a sentence of probation.

Mr. Diemer is a hard-working member of his community. As a hobby, he keeps

honeybees on his property. He sells some of the honey, but mostly gives it away to neighbors and friends. As the letters attached to this memorandum demonstrate, Mr. Diemer "has a generous heart" and helps local churches, either through help with a soup kitchen, or with small projects, such as installing a security system for a friend's church.

Mr. Diemer has performed admirably while on release from custody. He poses no danger to the community and no risk of flight. Such exemplary performance on pretrial release demonstrates that he is unlikely to re-offend and that rehabilitation will be best served by a period of supervision. *See United States v. Munoz-Nava* 524 F.3d 1137, 1148-49 (10th Cir. 2008) (upholding district court's decision to credit the defendant's performance on pretrial supervision, even in light of prior uncharged drug distribution, where the defendant's "behavior while on a year-and-a-half pretrial release" was "exemplary" which is shows defendant unlikely to reoffend).

Mr. Diemer's request for a sentence of probation will also impose punishment that is sufficient, but not greater than necessary to accomplish the purposes of sentence. Supervision is a form of punishment. And while it is not as severe as a custodial sentence, it "substantially restrict[s] the liberty of a defendant." *Id.* at 1149. The Supreme Court has noted that while "custodial sentences are qualitatively more severe than probationary sentences of equivalent terms" defendants on probation or supervised release "are nonetheless subject to several standard conditions that substantially restrict their liberty." *Gall v. United States*, 552 U.S. 38, 48 (2007). Among

2

those restrictions, those on supervision "may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking." *Id.*

Mr. Diemer has demonstrated significant pro-social behavior since his release on conditions pending trial and sentencing. Mr. Diemer has been on conditions of release since he was charged with this crime in March of 2023. He has complied with all aspects of his pretrial release.

The aberrant nature of this offense indicates that a custodial sentence is unnecessary and would not serve any of the statutory purposes of sentencing under 18 U.S.C. § 3553(a).

***Wherefore***, Mr. Diemer respectfully requests that the Court accept the plea agreement in this case and impose a sentence of probation.

    Respectfully submitted,

    FEDERAL PUBLIC DEFENDER
    111 Lomas Blvd., NW, Suite 501
    Albuquerque, NM 87102
    (505) 346-2489
    (505) 346-2494 Fax
    aric_elsenheimer@fd.org

    */s/ filed electronically on 7/25/24*
    ARIC G. ELSENHEIMER, AFPD
    Attorney for Defendant